933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Petitioner-Appellant,
v.
John Ranson GRAY, Respondent-Appellee,
 No. 90-5968.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant appeals his conviction for escape from federal custody. Appellant claims the district court erred in denying his motion to dismiss the indictment for pre-indictment delay. Appellant also claims there was insufficient evidence to support the jury's finding of willful intent to escape.
 
 
 2
 On November 7, 1989, the appellant was charged in a one-count indictment of willfully escaping from federal custody in violation of 28 U.S.C. Sec. 751(a). On December 28, 1989, appellant filed motions to dismiss the indictment based on a denial of due process and speedy trial rights. These motions were denied by a U.S. Magistrate Judge and the district court. The superseding indictment was filed January 23, 1990, reflecting minor changes in the wording of the indictment. On January 19, 1990, the appellant moved for a continuance of the trial. This continuance was granted and the trial was reset for March 12, 1990. A second motion to dismiss for speedy trial violations was filed and also denied.
 
 
 3
 On March 15, 1990, a trial was conducted. At the trial, the district court denied the appellant's motion for acquittal based on the sufficiency of the evidence. On March 16, 1990, the appellant was convicted by a jury and on June 12, 1990, the appellant was ordered to serve 24 months of incarceration followed by three years of supervised release.
 
 
 4
 Having carefully reviewed the record on appeal and the briefs of the parties, we conclude that the district court's rulings were not in error. We find no unfair delay or speedy trial violations with respect to appellant's prosecution, for the reasons set forth in the Magistrate Judge's January 17 and February 23, 1990 reports, and the orders of the district court filed on January 29 and March 13, 1990.
 
 
 5
 In addition, we find no error in the district court's denial of appellant's motion to dismiss for failure to prove willful intent to escape. In denying appellant's motion, the district court found that the proofs showed sufficient intent to escape.
 
 
 6
 The standard of review to challenge the sufficiency of the evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985), cert. denied sub nom. Graewe v. United States, 474 U.S. 1068 (1986).
 
 
 7
 Appellant claims he could not have developed the requisite intent to escape because of his alleged intoxication. However, the record indicates that appellant was sober when he escaped on August 19, 1989. Additionally, for the 48 hours preceding his decision to escape, appellant was sober. Appellant successfully passed an alcohol breath test on August 17, 1989. Appellant had a lengthy face-to-face conversation with a Midway substance abuse counselor on August 18, 1989. The counselor noted appellant did not appear to have been drinking. On the date of his escape, the appellant successfully checked in and then out for an Alcoholics Anonymous meeting. Neither of two Midway duty officers detected any sign of alcohol consumption.
 
 
 8
 Under the circumstances, appellant had a motive to attempt his escape. He was placed on a prescription for antabuse, which would effectively stop him from drinking alcohol by making him violently ill if he did so. Moreover, appellant took $400.00 in cash with him on the date of his escape, an amount which far exceeded any money needed while attending the Alcoholics Anonymous meeting.
 
 
 9
 Appellant's own account of his actions also supports the jury's verdict. Appellant admitted he intentionally detoured from his return to Midway in order to visit with two women in the parking lot. He also indicated he intended to leave with the women in their car to buy alcohol. Accordingly, the evidence does support appellant's conviction for wilful escape in violation of 18 U.S.C. Sec. 751(a).
 
 
 10
 Based on the foregoing, appellant's conviction for escape is hereby AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation